IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

WELLS FARGO BANK, N.A., a national ) banking association,
)
                  Plaintiff,
)

                  v.
)

BRET'S INDEPENDENT, LLC, a Washington limited liability company; BRET HARTMAN, individually; and PHILIP HOLROYD, individually,
)

                  Defendants.
)
------------------------------------------------------
PHILIP HOLROYD, individually and on behalf of BRET'S INDEPENDENT, LLC,
)

                  Appellant,
)

                  v.
)

BRET HARTMAN,
)

                  Respondent.
)

No. 74808-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: March 27, 2017

BECKER, J. — This is an appeal from a summary judgment dismissal of a lawsuit alleging that a member of a limited liability company breached a contract and fiduciary duties. The appellant raises issues on appeal that were not preserved in the trial court, and he makes only a conclusory showing of damages. Accordingly, we affirm.

We review summary judgment orders de novo, engaging in the same inquiry as the trial court. Mahoney v. Shinpoch, 107 Wn.2d 679, 683, 732 P.2d 510 (1987). Summary judgment is proper when, viewing the evidence and available inferences in favor of the nonmoving party, there are no genuine issues of material fact. CR 56(c).

Taken in the light most favorable to appellant Philip Holroyd, the record shows that Holroyd and respondent Bret Hartman became business partners in 1996. They formed a limited liability company, Bret's Independent LLC, to operate an automotive service and repair shop that they opened on leased property. Holroyd provided the start-up capital. For 11 years, Holroyd and Hartman comanaged the business and it prospered.

Around 2007, they experienced a downturn in profits. Holroyd stopped taking draws to free up cash for the business. About the same time, Holroyd left to care for his mother, who had health problems. Hartman assumed primary management responsibility and continued to take draws.

The business began defaulting on financial obligations, including debt owed to Wells Fargo Bank. The state business license was not renewed in 2008, and as a result, the State dissolved the limited liability company on June 2, 2008.

Hartman continued to operate the shop. Although Holroyd stayed in contact with Hartman and periodically visited the shop, he was unaware that the state license had expired and that the company was not meeting its obligations to creditors.

2

Hartman ceased operation of the company in September 2011. Through his own investment company, he purchased the property and some of the equipment that Bret's Independent LLC had leased. With it, he opened an auto shop business that he incorporated as Bret's, Inc.

In January 2012, Wells Fargo commenced the current suit to recover the debt, naming Holroyd and Hartman as defendants along with Bret's Independent LLC. Holroyd cross claimed against Hartman for breach of contract and breach of fiduciary duty and filed a derivative action against Hartman on behalf of the limited liability company. Holroyd appeals from the orders of summary judgment by which all his claims against Hartman were dismissed. Wells Fargo is not a party to the appeal, and its claims are not at issue.

We start with Holroyd's appeal from the dismissal of the derivative action. When Hartman moved to dismiss the derivative action, he argued it was time barred and the company could not sue or be sued, given that it was dissolved in 2008. In his responsive brief, Holroyd agreed to dismissal of the derivative action. He acknowledged that pursuing the action could expose the company to additional creditor claims.

Once Holroyd agreed to dismiss the derivative action, the trial court was not obligated to give it any further consideration. Holroyd argues on appeal that the trial court should have recognized that the parties were continuing to litigate the derivative action even after he agreed to dismiss it, but he cites no point in the record where the derivative action was put back before the trial court for decision. Issues not presented to the trial court will not be addressed on appeal.

3

RAP 2.5(a). The trial court did not err in dismissing the derivative action on summary judgment.

We next address Holroyd's assignments of error to the dismissal of his direct claims against Hartman for breach of contract and breach of fiduciary duty. These claims arise from Holroyd's assertion that during the period of time he was away taking care of his mother, Hartman mismanaged the business and improperly transferred large sums of money to himself. Holroyd contends that he was shortchanged when Hartman unilaterally transferred the assets and accounts receivable from their company to Hartman's new business.

To sustain a cause of action for breach of contract or breach of fiduciary duty, a plaintiff must supply proof of damages. Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus., 78 Wn. App. 707, 712, 899 P.2d 6 (1995); Senn v. Nw. Underwriters, Inc., 74 Wn. App. 408, 414, 875 P.2d 637 (1994); Micro Enhancement Int'l, Inc., v. Coopers & Lybrand, LLP, 110 Wn. App. 412, 433-34, 40 P.3d 1206 (2002). Holroyd's declaration asserts that Hartman's overreaching caused him the loss of hundreds of thousands of dollars and hundreds of hours of labor he invested in building the business over the years. But the record does not include evidence sufficient to prove Holroyd was denied compensation or distributions that he was entitled to.

When Hartman moved for summary judgment, he argued that Holroyd was not owed anything under the terms of a written operating agreement, a copy of which he submitted. In response, Holroyd declared that the parties did not have a written operating agreement and that his signature on the agreement

4

submitted by Hartman was forged. On appeal, Holroyd takes a different position: that the written agreement submitted by Hartman was valid and enforceable, and Hartman breached it by making payments to himself and leaving Holroyd with nothing.

Holroyd asserts that the terms of the agreement are ambiguous and need to be interpreted so that the intent of the parties can be determined. He relies on a version of the operating agreement that emerged not long before trial, but he did not alert the trial court to his change of position. Even if this procedural problem could be overcome and the written agreement is now to be regarded as enforceable, Holroyd does not explain how the allegedly ambiguous terms may be interpreted as requiring Hartman to wind up the company in a way that would have resulted in Holroyd receiving compensation under the agreement.

The claim for breach of fiduciary duty rests on the fact that Hartman withdrew funds during a period when the business was not meeting obligations to creditors. But Hartman's failure to satisfy creditor debts is not, by itself, sufficient to prove damage to Holroyd. Similarly, the fact that Hartman received compensation while acting as the company's sole manager does not, without more, prove that Hartman retained compensation and assets that should have been shared with Holroyd. While Holroyd communicates a general sense that he feels cheated, he does not present evidence showing how proper bookkeeping between 2008 and 2011 would have produced a better result for him.

For example, Holroyd asserts that he sustained damages because he received no compensation when the assets of the company were transferred to

Hartman. This argument fails because Holroyd has not rebutted evidence that the company owned no tangible assets when it ceased operations. A valuation report concluded that as of November, 2011, the fair market value of the business did not exceed its liabilities.

Holroyd contends that he should have been compensated for the transfer of goodwill and customers to Hartmann's new business. He fails to point to specific evidence supporting this assertion. At most, the record creates speculation that Hartman might be benefitting from goodwill generated by Bret's Independent LLC. Speculation does not create an issue of material fact. Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 12, 721 P.2d 1 (1986).

Affirmed.

Becker, J.

WE CONCUR: